**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4162**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAPHAEL TOMAR CARTER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (1:05-cr-00042-FWB)

---

Submitted:  October 11, 2006          Decided:  November 6, 2006

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raphael Tomar Carter appeals from his conviction for possession of a firearm by a convicted felon.[*] On appeal, he contends that there was insufficient evidence to show that he possessed the firearm after he was convicted of a felony. We affirm.

We review the denial of a motion for acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We "have defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693. We "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). If the evidence "supports different, reasonable

[*]Carter was also convicted of possessing counterfeit money, but he does not challenge that conviction.

interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

Because Carter stipulated to the other elements of the offense, the only contested issue at trial was whether he possessed the handgun. Possession may be actual, constructive, or joint. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Possession may be established by circumstantial evidence. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).

Here, the evidence showed that Carter owned the gun and that he left it at the residence where it was found. Although it is not clear when he did that, the evidence showed that, after his felony conviction, he stayed at the residence from time to time, he gave the police the address of the residence as his home address on more than one occasion, and he was at the residence immediately prior to being incarcerated on a different charge. In addition, two other residents of the home denied ownership or knowledge of the firearm, and Carter told his cousin to retrieve the firearm from the police. Considering Carter's ownership of the gun and his access to the residence, the jury could have reasonably determined

that Carter had sufficient dominion and control over the firearm to support a finding of possession.

Accordingly, we affirm Carter's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED